UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PAULA J. PAVELCSYK,       )
  Plaintiff               )
                          )
        v.                )  C.A. No. 09-cv-30141-MAP
                          )
LORD JEFFERY INN,         )
  Defendant               )

MEMORANDUM AND ORDER RE:
MOTION TO REOPEN CASE
(Dkt. No. 12)

October 29, 2010

PONSOR, D.J.

On August 19, 2009, Plaintiff filed this case, pro se, charging the Lord Jeffery Inn (the "Inn") with misconduct relating to her employment and leading to her termination on August 17, 2007. Plaintiff's Motion for Leave to Proceed In Forma Pauperis was allowed on August 25, 2009.

Seven months later, when no further action appeared in the docket, the court issued an order on March 24, 2010 requesting a status report. The report was duly submitted by Plaintiff on March 31, 2010, indicating that she wished to continue prosecution of this case.

On April 1, 2010, the court sent a summons and Marshals Service forms to Plaintiff to fill out to permit the Marshal to serve process. This was apparently done, but on June 23, 2010 the Marshals Service returned the forms and summons, reporting that service was not possible since the Inn had

closed and would not be reopening until 2011. The corporation that had been, at least at some point, managing the Inn could not be located. <u>See</u> Dkt. No. 8.

On June 29, 2010, the Clerk issued a memorandum to Plaintiff, seeking further information as to where the Marshals Service might effect service. When no word came back from Plaintiff, the court on October 15, 2010 entered an order of dismissal for failure to prosecute.

On October 25, 2010, Plaintiff filed a Motion to Reopen the Case (Dkt. No. 12). In this motion, Plaintiff has described her efforts through the telephone book to locate individuals who were at some point associated with the Inn. The motion and addendum offer only possible addresses and phone numbers for the Inn's former front desk manager and maintenance supervisor. It seems unlikely that either of these individuals, even if located, would be empowered to accept service on behalf of the Inn.

It has now been well more than fourteen months since this complaint was originally filed. Fed. R. Civ. P. 4(m) requires that, except in unusual circumstances, a complaint must be served within 120 days of filing or dismissed. Unfortunately, this case has now reached the point where dismissal without prejudice is the only reasonable resolution.

For the foregoing reasons, Plaintiff's Motion to Reopen

the Case (Dkt. No. 12) is hereby DENIED.  However, the court notes that the dismissal in this instance is <u>without</u> prejudice, meaning that Plaintiff may re-file the case (assuming the statute of limitations permits), if she is able to locate an entity that can be served properly under the Civil Rules.

It is So Ordered.

<u>/s/ Michael A. Ponsor</u>
MICHAEL A. PONSOR
U. S. District Judge